**Caroline McDonald WISMILLER**

v.

**UNITED STATES.**

No. 143–55.

United States Court of Claims.

Decided Nov. 8, 1955.

Writ of Certiorari Denied
Jan. 9, 1956.

See 76 S.Ct. 309.

Caroline McDonald Wismiller, pro se.

Alfred H. O. Boudreau, Jr., Washington, D. C., with whom was Warren E.

Burger, Asst. Atty. Gen., for defendant. Thomas Hogan, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

PER CURIAM.

This case comes before us on defendant's motion to dismiss plaintiff's petition on the ground that the court lacks jurisdiction.

The plaintiff alleges that she was a first cousin of Henrietta E. Garrett, deceased, and that by reason thereof she is entitled to a share in the Garrett estate. She claims that the items not included in the will of the deceased consisted of $21,000,000 in bonds and two residences.

The plaintiff alleges that the administration of the estate of Henrietta E. Garrett began December 1, 1930; that she filed her claim in the Orphans' Court of Philadelphia County, Pennsylvania; that the auditing judge dismissed her claim; that she filed exceptions to the adjudication but that the exceptions were dismissed and the adjudication confirmed; that an appeal was taken to the Supreme Court of Pennsylvania where it was heard in November 1952 and dismissed January 5, 1953, when the Supreme Court of Pennsylvania affirmed the Orphans' Court opinion, and that her petition for certiorari to the United States Supreme Court was denied.

The decision of the Supreme Court of Pennsylvania is reported in the case of In re Garrett's Estate, 372 Pa. 438, 94 A.2d 357. The court specifically discusses the Wismiller claim and finds that the claimant was unable to substantiate any of her allegations with proof of any kind and that the claim was not shown by the record to have merit.

The action of the United States Supreme Court is reported in Wismiller v. Estate of Garrett, 345 U.S. 996, 73 S.Ct. 1138, 97 L.Ed. 1403 and on rehearing in 346 U.S. 842, 74 S.Ct. 16, 98 L.Ed. 362.

Plaintiff alleges that she then presented the matter to the United States Con-

gress which did not take any action. She filed suit in this court on April 4, 1955.

■ Normally the disposition of property is committed to the State courts having jurisdiction thereof. An examination of the decision of the Supreme Court of Pennsylvania discloses that there was a long period of litigation in reference to the Garrett estate. We quote from the opinion, 94 A.2d 357, 358:

"Henrietta E. Garrett died a resident of Philadelphia County on November 16, 1930, intestate as to her residuary estate of over $17,000,000. Nearly 26,000 claims were filed in the Court below by persons claiming the estate as next of kin. The Orphans' Court appointed a Master and Examiners who held some 2,000 hearings and took the testimony of over 1,100 witnesses. The record composed mainly of testimony and exhibits, totals 390 volumes covering over 115,000 pages. After a painstaking examination of the thousands of claims which were presented, the Master submitted to the Orphans' Court on September 18, 1950, a 900 page report which included 2,077 findings of fact and 36 conclusions of law. The Master found that the decedent, Henrietta E. Garrett, nee Schaeffer, was survived by *three first cousins*, Herman Adolph Kretschmar, Howard Sigismund Kretschmar and Johann Peter Christian Schaefer I, and that these relatives were entitled, as next of kin, to her estate under the Intestate Act of June 7, 1917, P.L. 429, 20 P.S. § 1 et seq."

On page 360 of the same opinion [94 A.2d] it is disclosed that the claim of Caroline McDonald Wismiller was rejected by the trial court and the rejection was confirmed by the Supreme Court of Pennsylvania.

The plaintiff undertakes to bring her claim within the jurisdiction of this court by asserting that the action of the Pennsylvania court was incorrect and that after such action a compromise agreement was entered into between representatives of the Commonwealth of Pennsylvania and the parties who had been determined to be the next of kin of the decedent, and that since the Attorney General of the United States signed the agreement whereby the Alien Property Custodian allegedly acquired some portion of the estate, the United States participated in unconstitutionally depriving the plaintiff of her alleged share in the estate, and that a constitutional question is thereby raised.

■ If, as alleged by plaintiff, the action of the Attorney General was wrongful, it would at most present a case sounding in tort which is not within the trial jurisdiction of this court.

The allegation is further made that the Master's office of the Orphans' Court did not abide by the laws set forth by the United States Constitution in handling the case and that this is the source of all the errors; that under the Bill of Rights it is provided that "No person shall be * * * deprived of life, liberty, or property, without due process of law". Const. Amend. 5.

■ Apparently, however, a hearing and disposition was had before the various courts in Pennsylvania having jurisdiction of the matter and we are not given jurisdiction to review the action taken by the courts of that state.

■ The plaintiff was not a party to the compromise agreement which it is alleged was entered into between representatives of Pennsylvania and the heirs as determined by the courts of that state, which agreement it is alleged was signed by the Attorney General of the United States, therefore no obligation of the United States can be spelled out as an implied contract. This court therefore has no jurisdiction to pass upon the merits of plaintiff's claim.

Defendant's motion is granted and the petition dismissed.

It is so ordered.