Taxes; refund claim; FICA taxes; limitations; exempted persons. — On July 18, 1980 the court entered the following order:
Before Nichols, Judge, Presiding, Kashiwa and Smith, Judges.
This tax refund suit comes to us on defendant’s motion for summary judgment. We grant defendant’s motion.
Plaintiff is, by his own account, a "* * * freeman (not freedman) National United States Citizen” and a "* * * Moorish-American Aboriginal.” He sues for refund of all social security taxes paid since 1937 and for $100,000 "National Emergency Relief funds.”
In support of his claim for refund of social security taxes, plaintiff cites to the Moorish-American Zodiac Great Seal Constitution; the Moroccan Treaty of 1787; his claim for tax-exempt status; the Declaration of Independence; the United Nations Charter; the New York Constitution; the Magna Carta; the Pan American Treaty of 1928; Scott v. Sandford, 60 U.S. (19 Howard) 393 (1857); section 3121(b) of the Internal Revenue Code; Treasury Regulation 31.3121(b); articles I and III and the fourteenth amendment of the Constitution; and his claimed Cherokee Indian ancestry.
As an initial matter, plaintiffs claim in this case must be denied as to those FICA taxes paid by plaintiff more than two years before the June 1978 filing of his claim for refund with the Internal Revenue Service. 26 U.S.C. § 6511(a). Consequently, plaintiff can claim for no more than the amount of FICA taxes paid on $1,209.38, plaintiffs earnings during the two years preceding his claim for refund.
As to amounts not barred by 26 U.S.C. § 6511(a), we have reviewed plaintiffs contentions and find them to be without *754 merit. Only three bear mention. First, while plaintiff has sought tax-exempt status by letter to the Internal Revenue Service, Kansas City, Missouri, no action has been taken on that request. Second, regardless of whether plaintiff is on the rolls of the Cherokees, such status would be of no avail to plaintiff in this suit. As stated by the Supreme Court in Squire v. Capoeman, 351 U.S. 1 (1956) at page 6, "* * * Indians are citizens and * * * in the ordinary affairs of life, not governed by treaties or remedial legislation, they are subject to the payment of income taxes as are other citizens.” Plaintiff has directed our attention to no statute or treaty which would exempt him from payment of FICA taxes, nor can we find such law. Finally, we have reviewed section 3121(b) of the Internal Revenue Code which defines "employment” for the purposes of FICA taxes. Plaintiff has failed to allege any facts which would bring him within any exclusion from that definition.
As to plaintiffs claim for $100,000 National Emergency Relief funds, plaintiff has not identified the funds referred to and we are unable to find any support for this claim.
it is therefore ordered, without oral argument, that defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed.