# In The United States Court of Federal Claims

No. 12-297C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law**

(Filed: April 30, 2013)

_____

ONEAL P. BELMONTE, JR., d/b/a
COUSINS PAINT & DRYWALL
SUPPLY, L.L.C.

                            Plaintiff,

        v.

THE UNITED STATES,

                            Defendant.

_____

## OPINION and ORDER

_____

On May 8, 2012, Oneal P. Belmonte, Jr. filed a *pro se* complaint alleging that the United States "has acted in an unlawful and unconstitutional manner by subversively developing and enforcing a 'Gulf Coast De-population Plan.'" Plaintiff averred that the execution of this plan by Federal agencies "placed an insurmountable economic hardship on businesses returning to St. Bernard Parish, Louisiana, after the occurrence of Hurricane Katrina, by systematically discouraging previous and potential future residents from returning to the area." In his complaint, plaintiff cites various features of the "De-population Plan," including: (i) the "Lot Next Door" program that restricted population growth by not allowing the purchaser of a former neighbor's property to build inhabitable structures on that property; (ii) the "Road Home Project," which paid people large sums of money to leave the Parish permanently; and (iii) the St. Bernard Parish's practice of tearing down thousands of useful, reparable homes. Plaintiff avers that the implementation of this plan, coupled with the enforcement of various government loans against him, has and will result in his suffering an economic loss of $1,480,000.

On June 15, 2012, defendant filed a motion to dismiss (summarily) plaintiff's complaint under RCFC 12(b)(1) and 12(b)(6). Briefing on this matter has been completed. Argument is deemed unnecessary.

Deciding a motion to dismiss "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that

may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citations omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must establish that the court has subject matter jurisdiction over its claims. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988); *Hansen v. United States*, 65 Fed. Cl. 76, 94 (2005). This court recognizes that plaintiff is acting *pro se*, and thus will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Having reviewed plaintiff's complaint, defendant's motion, and the briefing on that motion, this court, however, is certain that it lacks jurisdiction to consider the claims that plaintiff raises.

With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the "takings clause" of the Fifth Amendment. *See United States v. Testan*, 424 U.S. 392, 397-98 (1976); 28 U.S.C. § 1491. This court lacks jurisdiction to entertain claims that are not based upon an appropriate money-mandating provision. *See, e.g.*, *Sanders v. United States*, 34 Fed. Cl. 75, 78 (1995), *aff'd*, 104 F.3d 376 (Fed. Cir. 1996), *cert. denied*, 522 U.S. 831 (1997); *Martinez v. United States*, 26 Cl. Ct. 1471, 1476 (1992), *aff'd*, 11 F.3d 1069 (Fed. Cir. 1993). Plaintiff readily admits that he has never had a contract with the United States covering the subject matter of his complaint. He has also failed to cite any statute or regulation suggesting that his claim regarding the "Gulf Coast De-population Plan" is supported by the requisite money-mandating provision.

As stated in his response to defendant's motion, in the end, plaintiff predicates his claim on his "understanding that the Bill of Rights of the Constitution of the United States of America guarantees every American the right to life, liberty and the pursuit of happiness," guarantees that, in plaintiff's view, prohibited the United States from "carrying out a plan to discourage residents from returning to their homes and/or communities." The inalienable rights and protections cited by plaintiff, which are rooted in both the Declaration of Independence and the Constitution, are undeniably important. *See Beer v. United States*, 696 F.3d 1174, 1183 (Fed. Cir. 2012), *cert. denied*, 2013 WL 55994 (U.S. Apr. 22, 2013). But, the unfortunate fact for plaintiff is that none of these provisions may serve as the basis for a claim before this court. *See Johnson-El v. United States*, 650 F.2d 288 (Ct. Cl. 1980) (table); *Wismiller v. United States*, 135 F. Supp. 438, 440 (Ct. Cl. 1956), *cert. denied*, 350 U.S. 936 (1956); *Rose v. United States*, 2010 WL 4340950, at *2 (Fed. Cl. Oct. 29, 2010); *Beale v. United States*, 69 Fed. Cl. 234, 235, 237 (2005); *John-Perry Ben Birdsall-Perry v. United States*, 2005 WL 6115725, at *2 (Fed. Cl. Sept. 30, 2005). Nor has plaintiff pursued any form of a "takings action," as might be predicated upon the Fifth Amendment to the Constitution.

Based on the foregoing, the court **GRANTS** defendant's motion to dismiss this case under RCFC 12(b)(1). The Clerk shall enter a judgment dismissing plaintiff's complaint. No costs.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge