**Richard FUSELIER, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. 04–951 T.**

United States Court of Federal Claims.

Nov. 18, 2004 [1].

Richard Fuselier, Pro Se.

David Gustafason, Court of Federal Claims Section, Tax Division, United States Department of Justice, for the defendant.

## OPINION AND ORDER

BLOCK, Judge.

Plaintiff, Richard Fuselier, has demonstrated a propensity to beat dead horses in more ways than one. First, in his numerous filings in this case,[2] he has trotted out again

---

1. This Opinion and Order, issued on October 19, 2004, was initially unpublished. On October 29, 2004, the Defendant filed a Motion to Publish this Opinion and Order, which the court granted on November 10, 2004.

2. On June 3, 2004, plaintiff filed his "Complaint for Writ of Execution and Motion for an Automatic Stay." In this document, plaintiff petitioned this court to review an Internal Revenue Service ("IRS") Notice of Deficiency and to stay associated IRS collection activities. This "Complaint" refers to due process and incorporates an attached document titled "Pleading Special Matters # 1," which reveals that plaintiff is pressing this tax claim on behalf of an individual named Charles Looney. In this "Pleading Special Matters # 1," plaintiff referred to himself as Looney's "attorney in fact." On June 10, 2004, plaintiff filed a "Motion for Joinder," attached to

which were multiple additional "Pleading Special Matters," through which plaintiff has attempted to press the tax claims of several other individuals.

On June 29, 2004, plaintiff filed a "Motion for Writ of Execution on Joinder." Through this document, plaintiff petitioned this court to give effect to orders of a phony court, "the Common Law Court of the United States of America." *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed.Cir.2002) ("The so-called Common Law Court of the United States ... is not a recognized court of law of any jurisdiction, and its 'judgments' are not persuasive, much less binding authority.").

On August 2, 2004, this court issued an Order to Show Cause why it should not dismiss this matter for failure to prosecute pursuant to Rules of the United States Court of Federal Claims ("RCFC") 41(b). On August 26, 2004, plaintiff

and again a familiar set of specious arguments. Second, plaintiff has filed multiple separate cases in this court that are little more than re-runs of the same specious arguments. *See below.* Third, plaintiff apparently is part of an increasing number of misguided individuals who are unable to restrain themselves from making the same specious arguments. *See below.*

The defendant has opposed each of plaintiff's filings and has filed a motion to dismiss the complaint for lack of subject matter jurisdiction. The court dismisses plaintiff's complaint (and all other items that might be construed as claims for relief) for lack of subject matter jurisdiction.

Plaintiff's claims are not easy to interpret. However, giving his many filings the liberal reading afforded to *pro se* plaintiffs, *Forshey v. Principi*, 284 F.3d 1335, 1357–58 (Fed.Cir. 2002) (en banc), it seems that plaintiff has asked this court to review tax deficiency cases, enjoin IRS collection activities, rule that IRS collection activities are res judicata, and generally review administrative records.

By using the words "due process," plaintiff may have raised a due process claim. Plaintiff has presented the argument that wages are not subject to taxation. Plaintiff has also claimed that a fiduciary duty or the joinder rule (*see* RCFC 18) permit him to represent his "clients" before this court even though he is not an attorney.

The Court of Federal Claims "has jurisdiction only where and to the extent that the government has waived its sovereign immunity, and any waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *Ledford v. United States*, 297 F.3d 1378, 1381 (2002) (punctuation omitted). To survive a motion to dismiss for lack of subject matter jurisdiction (*see* RCFC 12(b)(1)), the plaintiff must point to a statute that specifically confers power upon this court to grant the relief he has requested. *Id.*

■ Plaintiff has failed to establish that this court has jurisdiction over any of his claims. He has failed to point to a statute

---

filed his "Response to Order to Show Cause and Motion to Review the Administrative Record." In this document, plaintiff attempted to distinguish the "United States" from the "United States of America" in conjunction with a claim that the Department of Justice attorney handling this matter does not truly represent the defendant. Plaintiff's "Response to Order to Show Cause and Motion to Review the Administrative Record" also requested review of the administrative record. An attached document titled "Brief in Support of Motion to Review the Administrative Record," reveals that by requesting such review, plaintiff has petitioned the court either to review so-called "composite returns" or to order the production of administrative documents. In yet another document filed on August 26, 2004 titled "Motion to Amend Pleading," plaintiff sought to amend the complaint by adding an argument that a fiduciary relationship between plaintiff and his clients permits him to pursue their tax claims. Two documents accompanied this "Motion"—an "Amended Complaint for Review of Administrative Determinations of Tax Liability and Motion for Stay," and an "Amended Statement of Facts." The "Amended Complaint" includes plaintiff's fiduciary duty argument, restates his request for review of the administrative record related to so-called composite tax returns and a stay of IRS collection activities, and raises an often-rejected argument that wages are somehow not subject to taxation. The "Amended Statement of Facts" refers to several documents not before this court and asserts that these documents will establish certain

facts or lead to certain legal conclusions. Still another document filed August 26, 2004, a "Brief in Support of Automatic Stay of Collection Proceedings and Responsive Pleading by United States," discusses plaintiff's claim that this court should stay IRS collection activities. Citing several statutes and regulations (5 U.S.C. § 703, 26 U.S.C. §§ 6212(a) and 6511(d)(2)(B)(iii), and 26 C.F.R. §§ 601.103(c) and 601.106(a)(ii)), this "Brief" claims that this court should stay the matter or rule that it is "*res judicata*" on the basis that the IRS Appeals Office has jurisdiction over it.

On September 13, 2004, plaintiff filed his "Second Motion to Review Administrative Records," through which he petitioned the court either to review documents of an undetermined nature or to order the production of documents. An attachment, plaintiff's "Statement of Facts in Support of Second Motion" refers to documents not before this court and asserts that they will establish certain facts or lead to certain legal conclusions. Finally, also on September 13, 2004, plaintiff filed a document titled "Motion for Automatic Stay of Collection Proceedings," in which he again claimed that IRS collection actions should be stayed. In this document, plaintiff repeated his claims about an exception to the Anti–Injunction Act (once again citing 5 U.S.C. § 703, 26 U.S.C. § 6212, and 26 C.F.R. § 601.103) and added an argument that the matter has been referred for criminal prosecution.

granting this court authority to review deficiency cases. This is not surprising, because the United States Tax Court, and not this court, has jurisdiction over deficiency cases. *See* 26 U.S.C. § 6213(a). The Court of Federal Claims does, however, have jurisdiction over tax refund cases. *See* 28 U.S.C. §§ 1346(a)(1), 1491. But plaintiff does not allege that he has paid taxes or that he seeks a refund. On the contrary, the pleadings specifically refer to a notice of deficiency. Thus, this court lacks jurisdiction over plaintiff's tax deficiency claim. *See Ledford,* 297 F.3d at 1382.

■ Plaintiff has failed to point to a statute granting this court authority to stay IRS collection activities. The plaintiff cited several statutes and regulations,[3] but none of these come even close to conferring jurisdiction on this court. On the contrary, 26 U.S.C. § 7421 prohibits suits "for the purpose of restraining the assessment or collection of any tax ... in any court by any person." It is true that § 7421 lists statutes that provide exceptions to its general rule, but none of these apply in this case. Plaintiff has also failed to point to a statute granting this court authority to conduct a general review of IRS administrative records.

This court clearly has no jurisdiction over any due process claim that plaintiff may have raised. *See, e.g., Murray v. United States,* 817 F.2d 1580, 1582–83 (Fed.Cir.1987); *Medina Constr., Ltd. v. United States,* 43 Fed.Cl. 537, 558 (1999). Plaintiff's nonsensical invocation of *res judicata* (generally a *defense* preventing either litigation of issues that could have been but were not raised in prior litigation or relitigation of issues already decided) does not trigger this court's jurisdiction. Likewise, plaintiff's claim that wages are not subject to taxation has been so soundly rejected that plaintiff has risked the imposition of sanctions by raising this argument at all. *See, e.g., Casper v. Comm'r,* 805 F.2d 902, 906 (10th Cir.1986) ("Merely raising the argument that value received for labor does not constitute taxable income, but rather constitutes a nontaxable exchange of property, justifies the imposition of sanctions."); *Connor v. Comm'r,* 770 F.2d 17, 20

(2d Cir.1985) ("Wages are income. The argument that they are not has been rejected so frequently that the very raising of it justifies the imposition of sanctions."); *Lovell v. United States,* 755 F.2d 517, 519–20 (7th Cir.1984) (per curiam).

■ Finally, plaintiff, a non-attorney, cannot pursue the claims of others or represent others before this court. Under RCFC 83.1(a), only "attorneys who are members of the bar of this court and who comply with these rules" are permitted to "enter an appearance, file pleadings, and practice in this court." RCFC 83.1(c)(8) provides that "[a]n individual may represent oneself or a member of one's immediate family as a party before the court. Any other party, however, must be represented by an attorney who is admitted to practice in this court."

Neither plaintiff's misreading of the joinder rule (*see* RCFC 18) nor his fiduciary duty argument can save his failure to comply with RCFC 83.1. RCFC 18 permits a party properly before this court to "join, either as independent or as alternate claims, as many claims as the party has against an opposing party." *Id.* Likewise, a "third party may join, to the extent permitted by law, as many claims as the party has against the opposing party." *Id.* Absolutely nothing in this language comes even close to permitting the unauthorized practice of law. Likewise, certainly no fiduciary duty, "[a] duty of utmost good faith, trust, confidence, and candor ... a duty to act with the highest degree of honesty and loyalty toward another person and in the best interests of the other person" (BLACK'S LAW DICTIONARY 523 (7th Ed.1999)), permits plaintiff to engage in the unauthorized practice of law.

Unfortunately, plaintiff has attempted to engage in the unauthorized practice of law before this court on multiple prior occasions. Naming himself as plaintiff while pursuing the claims of other parties, plaintiff has filed the following cases in this court (all dismissed): *Fuselier v. United States,* Fed.Cl. No. 03–1750T; *Fuselier v. United States,* Fed.Cl. No. 04–0008T; *Fuselier v. United*

---

**3.** *See supra* footnote 1.

*States,* Fed.Cl. No. 03–1988. Similarly, plaintiff has filed at least seven cases in which he apparently claims to serve as the "attorney-in-fact" for his "clients" (all dismissed): *Barnwell v. United States,* Fed.Cl. No. 04–555T; *Holt v. United States,* Fed.Cl. No. 04–485T; *Martinez v. United States,* Fed.Cl. No. 04–576T; *Looney v. United States,* Fed.Cl. No. 04–605T; *Vories v. United States,* Fed.Cl. No. 04–606T; *Wallace v. United States,* Fed.Cl. No. 04–793T; *Brown v. United States,* Fed.Cl. No. 04–906T. Incredibly, shortly before this Opinion and Order was issued, it seems that plaintiff filed ten more cases in which he attempted to represent his so-called clients before this court: *Looney v. United States,* Fed.Cl. No. 04–1529T; *Fischer v. United States,* Fed.Cl. No. 04–1535T; *Southworth v. United States,* Fed.Cl. No. 04–1538T; *Southworth v. United States,* Fed.Cl. No. 04–1539T; *Mentler v. United States,* Fed.Cl. No. 04–1546T; *Caudle v. United States,* Fed.Cl. No. 04–1547T; *Powell v. United States,* Fed.Cl. No. 04–1548T; *Abate v. United States,* Fed.Cl. No. 04–1549T; *Wallace v. United States,* Fed.Cl. No. 04–1550T; *Stolsky v. United States,* Fed.Cl. No. 04–1551T. Furthermore, it appears that individuals associated with plaintiff have filed numerous other similar suits in this court. For example, Richard Ortt, an apparent associate of plaintiff, has filed seven cases in this court attempting to press tax claims of others (all dismissed): *Ortt v. United States,* Fed.Cl. No. 03–1625T; *Ortt v. United States,* Fed.Cl. No. 03–1755T; *Ortt v. United States,* Fed.Cl. No. 03–1759T; *Ortt v. United States,* Fed.Cl. No. 03–1818T; *Ortt v. United States,* Fed.Cl. No. 03–1868T; *Ortt v. United States,* Fed.Cl. No. 03–1945T; *Ortt v. United States,* Fed.Cl. No. 03–2514T.

The court notes that on July 12, 2004, defendant petitioned this court to impose RCFC 11 sanctions on plaintiff on the basis of these repetitive improper filings. Plaintiff has not responded to the defendant's motion for sanctions. While the court will not impose sanctions at this time, plaintiff should take heed that his actions *are* sanctionable. Indeed, plaintiff's persistent repetition of frivolous arguments in multiple cases while attempting to engage in unauthorized law practice only compounds the likelihood that serious sanctions will be imposed.

Accordingly, to ensure compliance with its rules, the court **ORDERS** plaintiff to refrain from filing or assisting in the filing of any and all *pro se* actions in this court without prior approval of a Judge of this court and **DIRECTS** the Clerk of the Court to reject any filings that conflict with this order. Concerned about plaintiff's attempts to engage in the unauthorized practice of law, the court therefore **DIRECTS** the Clerk of the Court to send a copy of this order to the Louisiana Attorney Disciplinary Board for action. For the reasons discussed above, the court **DENIES** defendant's motion for sanctions, **GRANTS** defendant's motion to dismiss, and **DISMISSES** plaintiff's complaint. The court **ORDERS** the Clerk to close the case.

**NO COSTS.**