**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Joseph O. SALADINO, individually doing business as Freedom and Privacy Committee, Defendant—Appellant.**

**No. 05–55226.**

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Filed March 29, 2006.

Martin M. Shoemaker, Ellen P. Delsole, United Stated Department of Justice, Tax Division, Washington, DC, for Plaintiff–Appellee.

Joseph O. Saladino, Palmdale, CA pro se.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

MEMORANDUM **

Joseph O. Saladino, individually and dba Freedom & Privacy Committee, appeals pro se from the district court's summary judgment in favor of the United States in its action brought under 26 U.S.C. §§ 7402 and 7408 to enjoin Saladino and his organization from promoting, selling, and otherwise furthering, certain corporation-sole and claim-of-right tax avoidance plans. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the grant of an injunction, *United States v. Estate Pres. Servs.,* 202 F.3d 1093, 1098 (9th Cir.2000), and review de novo the grant of summary judgment, *Scott v. Pasadena Unified Sch. Dist.,* 306 F.3d 646, 652 (9th Cir.2002). We affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Summary judgment was proper because Saladino failed to raise a genuine issue of material fact as to whether the tax avoidance plans he sold on his website constituted conduct subject to penalty under 26 U.S.C. §§ 6700 or 6701. Saladino's affidavit established that he was solely responsible for the website that sold the plans, and the Court of Federal Claims has ruled these plans and arguments in support of them meritless. *See Sumter v. United States,* 61 Fed.Cl. 517, 523 (2004); *Saladino v. United States,* 62 Fed.Cl. 782 (2004); *see also Saladino v. United States,* 63 Fed.Cl. 754, 757–58 (2005) (sanctioning Saladino for advancing the same meritless arguments he presents here). This court has rejected similar arguments as well. *See, e.g., Olson v. United States,* 760 F.2d 1003, 1005 (9th Cir.1985) (per curiam) (rejecting as frivolous taxpayer's contention that wages are not income); *Church of Scientology v. Comm'r,* 823 F.2d 1310, 1316–17 (9th Cir.1987) (noting that churches are eligible for tax exempt status only if no part of their net earnings inures to the benefit of private individuals).

Accordingly, the district court did not abuse its discretion in granting injunctive relief to the United States. *See United States v. Estate Pres. Servs.,* 202 F.3d at 1098 (concluding that an injunction should be granted if statutory requirements are met).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.