**Charles William LEDFORD, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5027.

United States Court of Appeals, Federal Circuit.

Aug. 6, 2002.

Charles William Ledford, of Colorado Springs, CO, pro se.

Robert L. Baker, Attorney, Appellate Section, Tax Division, Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Eileen J. O'Connor, Assistant Attorney General; and David I. Pincus, Attorney.

Before CLEVENGER, RADER, and BRYSON, Circuit Judges.

PER CURIAM.

Charles William Ledford appeals the United States Court of Federal Claims's order dismissing his complaint for lack of jurisdiction. We affirm.

I

Mr. Ledford paid no federal income tax for the years 1996, 1997 or 1998. He reported no taxable income in those years because, in his view, the federal income tax does not reach compensation received for personal labor. The Internal Revenue Service (IRS), which disagrees with this proposition, instituted collection actions and began a criminal investigation of Mr. Ledford.

In an effort to halt the collection proceedings and the investigation of his failure to pay any income tax, Mr. Ledford filed a complaint in the Court of Federal Claims seeking habeas corpus relief, injunctive and declaratory relief, money damages and the refund of federal taxes for 1996, 1997 and 1998. The government filed a motion to dismiss for lack of subject matter jurisdiction the claims for habeas corpus, injunctive and declaratory relief, as well as the request for damages arising from the IRS's allegedly unlawful tax collection activities and criminal investigation. The government also moved to dismiss the tax refund claim for failure to state a claim, arguing that Mr. Ledford did not satisfy the jurisdictional requirements for a tax refund suit in the Court of Federal Claims. After Mr. Ledford failed to file a reply, the court granted the government's motion and entered an order dismissing the complaint. Mr. Ledford then filed a request for reconsideration, which alleged that the court had erred in dismissing his complaint because, inter alia, "the court has never addressed the issue that United States law does not tax compensation for personal labor." He also claimed that the court was bound under res judicata principles to follow a "common law judgment" from the so-called "Common Law Court of the United States of America" that, according to Mr. Ledford, establishes an implied contract between himself and the United States granting him "common law immunity" from taxation. The court denied Mr. Ledford's request for reconsideration and entered an order instructing the clerk not to accept any further filings of any nature from Mr. Ledford. Mr. Ledford now appeals the dismissal of his complaint. We have jurisdiction over an appeal from a final judgment of the Court of Federal Claims under 28 U.S.C. § 1295(a)(3).

II

■ We review de novo whether the Court of Federal Claims properly dismissed for lack of subject matter jurisdiction Mr. Ledford's claims for habeas corpus and equitable relief, Massie v. United States, 166 F.3d 1184, 1187 (Fed.Cir.1999), and whether the court properly dismissed the refund claim for failure to state a claim for which relief may be granted, Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed.Cir.1991).

■ Turning to Mr. Ledford's request for a writ of habeas corpus, we affirm the dismissal of that claim on two grounds. First, the habeas statute gives federal courts the authority to issue a writ only if the petitioner is "in custody," 28 U.S.C. § 2241 (2000), and therefore there is a jurisdictional requirement "that the habeas

petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 490, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). Although he is the subject of a criminal investigation by the IRS, because Mr. Ledford has not alleged that he is currently in custody, habeas jurisdiction does not lie. Second, and equally important, the habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus, and the trial court therefore is without power to entertain Mr. Ledford's petition. Thus, we affirm the court's dismissal of the habeas petition.

As the government notes, Mr. Ledford's brief to this court does not appear to challenge the trial court's dismissal of his other claims for relief. Under such circumstances, we would normally consider Mr. Ledford to have waived any arguments asserting jurisdiction under statutes other than the habeas statute. However, because Mr. Ledford is proceeding *pro se,* we will also review the trial court's dismissal of his requests for injunctive and declaratory relief, damages, and a refund of taxes.

 We turn first to Mr. Ledford's request for injunctive and declaratory relief halting the IRS collection proceedings. It is well established that the Court of Federal Claims "has jurisdiction only where and to the extent that the government has waived its sovereign immunity, and any waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Overall Roofing & Constr. Inc. v. United States,* 929 F.2d 687, 688 (Fed.Cir.1991) (quoting *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). In order to establish jurisdiction over these claims, therefore, Mr. Ledford must point to some statute specifically conferring power upon the trial court to grant his desired relief. This he has failed to do-perhaps because no statutory authority exists that would grant the Court of Federal Claims the power to enjoin an IRS collection proceeding. Indeed, aside from a few very limited exceptions not implicated here, 26 U.S.C. § 7421 flatly prohibits any suits "for the purpose of restraining the assessment or collection of any tax ... in any court by any person." Although Mr. Ledford cites Rule of Procedure 65(d) of the Court of Federal Claims as authority for granting such relief, it is well established that federal rules of civil procedure cannot expand a court's subject matter jurisdiction. *Snyder v. Harris,* 394 U.S. 332, 337–38, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). Furthermore, a review of the pleadings indicates that Mr. Ledford bases his entitlement to this relief on his view that the federal tax code does not tax compensation received for personal labor. Mr. Ledford's view of the tax law is mistaken, as the tax code quite plainly defines income to include amounts received in compensation for services rendered. 26 U.S.C. § 61(a) (2000) ("[G]ross income means all income from whatever source derived including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, fringe benefits, and similar items...."). Indeed, every court that has considered the matter has found this argument to be wholly without merit—so much so that merely raising it is considered sanctionable. *E.g., Casper v. Comm'r,* 805 F.2d 902, 906 (10th Cir. 1986) ("Merely raising the argument that value received for labor does not constitute taxable income, but rather constitutes a nontaxable exchange of property, justifies the imposition of sanctions."); *Connor v. Comm'r,* 770 F.2d 17, 20 (2d Cir.1985) (per curiam) ("Wages are income. The argument that they are not has been rejected so frequently that the very raising of it justifies the imposition of sanctions." (internal citation omitted)); *Lovell v. United States,* 755 F.2d 517, 519–20 (7th Cir.1984) (per curiam); *see also United States v.*

*Connor,* 898 F.2d 942, 943–44 (3d Cir.1990) (noting that "[e]very court which has ever considered the issue has unequivocally rejected the argument that wages are not income," and collecting cases).

The so-called Common Law Court of the United States, a contrary judgment of which Mr. Ledford claims binds the trial court and this court as a matter of res judicata, is not a recognized court of law of any jurisdiction, and its "judgments" are not persuasive, much less binding authority on any matter involved in this case. We affirm the trial court's dismissal of these claims for lack of subject matter jurisdiction.

▪ Mr. Ledford also brought a claim seeking damages flowing from the allegedly unlawful collection activities of the IRS. The Internal Revenue Code provides in relevant part:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, *such taxpayer may bring a civil action for damages against the United States in a district court of the United States.* Except as provided in section 7432,[1] *such civil action shall be the exclusive remedy for recovering damages resulting from such actions.*

26 U.S.C. § 7433(a) (2000) (emphases added). Thus, Congress has provided that claims for damages such as those alleged by Mr. Ledford must be brought exclusively before a district court of the United States. The Court of Federal Claims is not a district court of the United States, and therefore it lacks subject matter jurisdiction over Mr. Ledford's damages claims. We therefore affirm the trial court's dismissal of the damages claims.

▪ Finally, we turn to Mr. Ledford's claim for a tax refund for calendar years 1996, 1997 and 1998. Although the trial court does have jurisdiction to adjudicate claims for a refund of federal taxes, *see* 28 U.S.C. §§ 1346(a)(1), 1491 (2000), payment of the assessed taxes in full is a prerequisite to bringing a refund claim. *Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960); *Rocovich v. United States,* 933 F.2d 991, 993–94 (Fed. Cir.1991). Mr. Ledford does not allege that he has paid the assessments for 1996–1998, and indeed the 1996–1998 tax returns appended to his complaint, as well as the transcripts of Mr. Ledford's tax account for 1996–1997 submitted by the government demonstrate that he did not pay any taxes for those years. Because Mr. Ledford has not yet paid the assessed tax for which he seeks a refund, the trial court is without jurisdiction to hear his claim for a refund. Thus, we affirm the court's dismissal of Mr. Ledford's refund claim.

### III

For the reasons given above, we affirm the trial court's dismissal of Mr. Ledford's complaint in its entirety.

*AFFIRMED.*

---

1. Section 7432, which governs damages for failure to release a tax lien, also provides solely for jurisdiction in the district courts. *See* 26 U.S.C. § 7432(a) (2000).