PER CURIAM.
Donald John Piano appeals from the judgment of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction. Piano v. United States, No. 01-169T (Ct.Fed.Cl. August 22, 2001) . We affirm.
I
Mr. Piano, a Colorado resident, filed no federal tax returns and paid no federal or state income tax for 1992, 1993, or 1994. Both Colorado and the Internal Revenue Service (IRS) instituted collection proceedings against Mr. Piano, who then sued both the United States and Colorado in the United States Court of Federal Claims in an attempt to halt the collection proceedings. Mr. Piano seeks a writ of habeas corpus to terminate the state and federal collection actions as well as “unliquidated damages” against the United States for instituting the allegedly unlawful collection proceedings. Mr. Piano claims that the collection proceedings are unlawful because, in his view, neither the United States nor Colorado may tax compensation received in exchange for services. The trial court consolidated Mr. Piano’s action with a virtually identical suit brought by Charles William Ledford. See Ledford v. United States, 297 F.3d 1378 (Fed. Cir. 2002) . The government filed a motion to dismiss for lack of subject matter jurisdiction, which the court granted on August 22, 2001. The court subsequently denied *462 Mr. Piano’s request for reconsideration, and Mr. Piano now appeals. We have jurisdiction over this appeal under 28 U.S.C. § 1295(a)(3).
II
As the trial court observed, “[flundamentally, this is a suit by a tax protestor, who rejects the notion that the Sixteenth Amendment to the U.S. Constitution authorizes Congress to levy a tax on his income from rendering personal labor.” Piano, slip op. at 3. Mr. Piano’s case raises virtually identical factual and legal issues to that of Charles Ledford. See Ledford, 297 F.3d at-, slip op. at 2. For the reasons expressed in our disposition of Ledford, we affirm the trial court’s dismissal of Mr. Piano’s habeas petition and damages claim against the United States. As we stated in Ledford, the Court of Federal Claims does not have the power to entertain a petition for a writ of habeas corpus, and Congress has provided that the district courts shall have exclusive jurisdiction over damages claims from unlawful collection activities by the IRS. Id. at -,-, 3, 6.
The trial court carefully reviewed Mr. Piano’s pleadings, and concluded that “[t]he suit is in the nature of a tax refund.” Piano, slip op. at 3. We agree with the trial court that to the extent that Mr. Piano’s complaint can be construed as a suit for a refund of federal taxes, he has failed to allege sufficient facts to establish jurisdiction. The primary defect in Mr. Piano’s suit is that he, like Charles Led-ford in the companion case, fails to allege that he actually paid his tax liability in full. As we explained in Ledford, a party seeking a refund must pay his tax assessment in full before bringing suit in the Court of Federal Claims. Ledford, 297 F.3d at -, slip op. at 6; see also Rocovich v. United States, 933 F.2d 991, 993-94 (Fed. Cir.1991). Furthermore, as noted by the trial court, Mr. Piano “has failed to plead that he has filed an administrative claim with the Commissioner of the Internal Revenue Service seeking a refund,” Piano, slip op. at 3, and this too is a prerequisite for filing a refund suit. 26 U.S.C. § 7422(a) (2000). Thus, to the extent that Mr. Piano has attempted to assert a refund claim, we affirm the trial court’s dismissal of that claim.
Finally, we affirm the trial court’s dismissal of Mr. Piano’s claims against the State of Colorado. The Court of Federal Claims hears claims against the United States, but it has no jurisdiction over claims against the several states. See 28 U.S.C. §§ 1491-1509 (2000) (providing jurisdiction for various claims against the United States in the United States Court of Federal Claims).
Ill
For the reasons given above, we affirm the trial court’s judgment dismissing Mr. Piano’s complaint in its entirety.