NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT H. AJAMIAN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5123

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00493-LB, Judge Lawrence J. Block.

---

Decided: December 11, 2015

---

ROBERT H. AJAMIAN, Latham, NY, pro se.

MELISSA M. DEVINE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

---

Before LOURIE, SCHALL, and HUGHES, *Circuit Judges.*

PER CURIAM.

## DECISION

Robert H. Ajamian appeals the decision of the United States Court of Federal Claims that dismissed his complaint for lack of jurisdiction. *Ajamian v. United States*, No. 15-493 C, slip op. at 2 (Fed. Cl. June 26, 2015). We *affirm*.

## DISCUSSION

### I.

Mr. Ajamian filed his complaint in the Court of Federal Claims on May 7, 2015. Thereafter, during the period between June 8, and June 16, 2015, he submitted to the court various documents in support of his claim. The court deemed these various documents to be part of Mr. Ajamian's complaint. On June 26, 2015, the court granted the government's motion to dismiss the complaint for lack of jurisdiction. In its decision, the court stated:

> This court's authority to hear cases is primarily defined by the Tucker Act, which grants this court subject matter jurisdiction over claims against the United States that are founded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). Upon review of plaintiff's submissions, the court is unable to identify any allegations that give rise to any colorable claim over which this court has subject matter jurisdiction.

*Id.* at 1. On July 9, 2015, the court denied Mr. Ajamian's motion for reconsideration. *Ajamian v. United States*, No. No. 15-493 C, slip op. at 1 (Fed. Cl. July 9, 2015).

Mr. Ajamian timely appealed the dismissal of his complaint. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

II.

"Whether the Court of Federal Claims properly dismissed [a plaintiff's] . . . complaint for lack of subject-matter jurisdiction is a question of law that we review *de novo*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). In determining whether the Court of Federal Claims possessed subject matter jurisdiction, we are "obligated to assume all factual allegations to be true and to draw all reasonable inferences in [Mr. Ajamian's] favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

In his complaint, as supplemented by his subsequent filings, Mr. Ajamian alleged that, through inaction, various federal agencies had "breach[ed] their fiduciary duties under the 1934 . . . Securities [Exchange] Act" to protect him against the criminal actions of certain securities brokers, entitling him to $150,000 in damages. Government Appendix ("Gov't App.") 67. Mr. Ajamian asserted that the existence of the government's fiduciary duty amounted to a "contract" with the United States that brought his suit within the scope of the Tucker Act. Gov't App. 67–68. In support of jurisdiction, he also cited to the Constitution and 28 U.S.C. § 1331. Gov't App. 69.

The Court of Federal Claims did not err in dismissing Mr. Ajamian's complaint. Although Mr. Ajamian asserts that the government breached a fiduciary duty that amounted to a "contract," in fact, his allegations of inaction by federal agencies, if anything, plainly sound in tort. As pointed out by the Court of Federal Claims in its decision dismissing Mr. Ajamian's complaint, the plain language of the Tucker Act excludes claims sounding in tort from the court's jurisdiction. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). To the extent Mr. Ajamian alleges violations of due process under the Constitution, that claim too fails. "The law is well settled that the Due Process clauses of

both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). Finally, Mr. Ajamian is not aided by 28 U.S.C. § 1331. That statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Court of Federal Claims is not a district court of the United States, however. *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). Section 1331 therefore does not confer on it jurisdiction over Mr. Ajamian's suit.

We have considered Mr. Ajamian's additional arguments with respect to jurisdiction and have found them to be without merit.

## CONCLUSION

For the foregoing reasons, the decision of the Court of Federal Claims dismissing Mr. Ajamian's complaint is affirmed.

## **AFFIRMED**