NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ABRAHAM PORTNOV,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2017-2293

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00672-MMS, Judge Margaret M. Sweeney.

---

Decided: December 11, 2017

---

ABRAHAM PORTNOV, West Vancouver, British Columbia, Canada, pro se.

STEVEN C. HOUGH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before TARANTO, PLAGER, and CHEN, *Circuit Judges.*

PER CURIAM.

Appellant Abraham Portnov brought this action in the United States Court of Federal Claims. The court dismissed the action for lack of jurisdiction. We affirm.

I

On November 12, 2013, Mr. Portnov filed a complaint in the United States District Court for the Western District of Washington (the Seattle Court), alleging that the Carnival Corporation, through the actions of its employees, had discriminated against him and his wife when it temporarily prevented them from boarding a cruise ship on March 5, 2013. He sought $370,000 in damages for the resulting stress. The Seattle Court dismissed the claim without prejudice due to failure to pay the filing fee.

On June 23, 2014, Mr. Portnov filed a complaint in the United States District Court for the Northern District of California (the San Jose Court), alleging the same discrimination and seeking $670,000 in damages for stress. The court, acting by the parties' consent through United States Magistrate Judge Paul S. Grewal, dismissed the complaint without prejudice in December 2014, concluding that venue was improper because Mr. Portnov's contract with Carnival required arbitration of the dispute in Florida. The United States Court of Appeals for the Ninth Circuit affirmed, finding Mr. Portnov's appeal to be frivolous.

On February 26, 2016, Mr. Portnov filed a complaint against the United States in the Seattle Court under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, alleging "emotional distress" caused by "U.S. judicial departments." He sought "between $700,000 and $3,700,000" in damages. The court dismissed the complaint. On September 27, 2016, after Magistrate Judge Grewal had left the bench, Mr. Portnov filed another complaint against

the United States in the Seattle Court, again alleging emotional distress for the same conduct and seeking the same amount in damages. On October 18, 2016, the court dismissed that complaint. The Ninth Circuit later dismissed Mr. Portnov's appeal as frivolous.

Meanwhile, on October 3, 2016, Mr. Portnov had filed a complaint against former-Magistrate Judge Grewal in the San Jose Court. The complaint alleged that the December 2014 dismissal of the earlier suit was malicious, causing Mr. Portnov emotional stress, and sought $700,505 in damages. The court dismissed the complaint with prejudice.

On May 22, 2017, Mr. Portnov initiated the matter now before us. He filed a complaint in the United States Court of Federal Claims, naming the United States as the sole defendant and alleging that he was entitled to compensation for the "personal injuries" that he and his wife suffered in March 2013, and for the "injury [he] got during three years of [] judicial actions." J.A. 90–92. He cited the Federal Tort Claims Act as authorizing him to sue the federal government "for most torts committed by persons acting on behalf of the United States." J.A. 92. Appellant sought $2,700,000 in damages.

The Court of Federal Claims dismissed the complaint, on its own initiative, for lack of subject matter jurisdiction. *Portnov v. United States*, 2017 WL 2295001, at *1–4 (Fed. Cl. May 25, 2017). Mr. Portnov has appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3) to review the dismissal of the complaint. We review the dismissal de novo. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002).

## II

Mr. Portnov's complaint names only the United States as a defendant. And Mr. Portnov insists that he is here suing no one else. Appellant's Br., ECF No. 8, at 1 ("I did

not claim[] against Carnival or its employees. My claim . . . was against the United States as the only [p]roper [d]efendant."); *id.* at 13 ("[I]n this court . . . my claims are ONLY against the UNITED STATE[S]. . . . Thus, the Court does have jurisdiction.").

For the Court of Federal Claims to have jurisdiction here, Mr. Portnov's claims must come within the Tucker Act. That Act gives the Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Decisively for purposes of the present case, however, a necessary precondition for a complaint to come within the Tucker Act is that the plaintiff must identify a source of law that mandates the payment of money for the wrong alleged without assigning that money-mandating remedy to a court other than the Court of Federal Claims. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 216–17 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976); *Lummi Tribe of the Lummi Reservation, Washington v. United States*, 870 F.3d 1313, 1317 (Fed. Cir. 2017); *U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1371 (Fed. Cir. 2013); *Alves v. United States*, 133 F.3d 1454, 1459 (Fed. Cir. 1998).

Mr. Portnov invokes only one money-mandating source of law: the Federal Torts Claims Act. That Act mandates compensation by the United States for torts committed by "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States." 28 U.S.C. §§ 2671, 2674. But that Act "vests jurisdiction over [tort] claims exclusively in the [federal] district courts." *U.S. Marine*, 722 F.3d at 1363; *see* 28 U.S.C. § 1346(b)(1), 2674. The Court of Federal Claims is not a federal district court.

*Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). More broadly, "[i]t is well settled that the United States Court of Federal Claims lacks . . . jurisdiction to entertain tort claims," *Shearin v. United States*, 992 F.3d 1195, 1197 (Fed. Cir. 1993); 28 U.S.C. § 1491(a)(1) (giving the Court of Federal Claims jurisdiction over "cases not sounding in tort"), including fraud claims, *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997).

The Federal Tort Claims Act and tort allegations in this case thus cannot support jurisdiction under the Tucker Act. And no other source of money-mandating law is stated in or apparent from Mr. Portnov's complaint. The Court of Federal Claims therefore lacks subject matter jurisdiction over Mr. Portnov's complaint.

### III

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

No costs.

**AFFIRMED**