# In the United States Court of Federal Claims

No. 17-495C

(Filed June 24, 2019)

NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
JODY D. KIMBRELL,                               *
                                                *
                 Plaintiff,                     *
                                                *
        v.                                      *
                                                *
THE UNITED STATES,                              *
                                                *
                 Defendant.                     *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On May 14, 2019, the Clerk's Office received from plaintiff Jody D. Kimbrell a copy of a document Ms. Kimbrell apparently filed in an Illinois state court. The document, entitled "Notice of Removal," purports to inform the Circuit Court of the 10th Judicial Circuit, in Peoria, Illinois, that Ms. Kimbrell was removing to our court a civil action filed against her (and others) by the Bank of America. A copy of a similar document was received by the Clerk's Office on May 17, 2019, this one purporting to notify the same state court of Ms. Kimbrell's removal to our court of a foreclosure action filed against her (and others) by the Federal National Mortgage Association (Fannie Mae)---a case in which Fannie Mae apparently obtained judgment. As these documents were captioned for cases in another court and were not accompanied by a motion explaining why they should be filed in this case, the Clerk's Office did not file them when received.[1]

By submitting these documents to our court, plaintiff believes that she is complying with the procedure for removing civil actions from state courts, found at 28 U.S.C. § 1446. But Ms. Kimbrell, a non-lawyer representing herself in this matter, misunderstands the federal removal statute upon which she relies. The

---

[1] A third document, received on May 20, 2019, was also not filed when received---as this was the certificate of service for the second "Notice of Removal," a document that was itself not filed.

removal provision, 28 U.S.C. § 1441, allows for the removal of cases to a "district court of the United States." 28 U.S.C. § 1441(a). And the procedure Ms. Kimbrell thought she was following requires the filing of a notice in a "district court of the United States." 28 U.S.C. § 1446(a). Although our court, like U.S. district courts, is a federal trial court, it is not a district court. *Compare* 28 U.S.C. §§ 81–133 (identifying and creating district courts) *with* 28 U.S.C. § 171 (creating United States Court of Federal Claims); *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (dismissing claim for lack of jurisdiction because "[t]he United States Court of Federal Claims is not a district court of the United States"). The jurisdictional statutes make it clear that our court and the district courts are different entities. *See, e.g.*, 28 U.S.C. § 1346(a). Plaintiff is also mistaken in believing that the statutes conferring federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367, on district courts can also empower our court. They cannot. *See Proxtronics Dosimetry, LLC v. United States*, 128 Fed. Cl. 656, 669 n.9, 673 (2016) (citing, *inter alia, Allbritton v. United States*, 178 F.3d 1307, 1307 (Fed. Cir. 1998)).

As the removal statute does not apply to our court, the three unfiled documents that plaintiff submitted---the two removal notices and the one certificate of service---are irrelevant to our proceedings and should be returned to Ms. Kimbrell unfiled.[2]


**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge

---

[2] A fourth document that was not filed when received, indicating that Ms. Kimbrell has notified several entities of the filing of her pending motion for a temporary restraining order, ECF No. 70, may be filed as a status report.