NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIANE S. BLODGETT, TOM LINGENFELTER,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-2398

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-02000-LAS, Senior Judge Loren A. Smith.

---

Decided: December 3, 2019

---

DIANE S. BLODGETT, St. Louis Park, MN, pro se.

TOM LINGENFELTER, Doylestown, PA, pro se.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.

---

Before NEWMAN, LOURIE, and REYNA, *Circuit Judges.*

PER CURIAM.

Diane S. Blodgett and Tom Lingenfelter are associates of T.G. Morgan, Inc., a rare coin dealer that was shut down by the Federal Trade Commission in the early 1990s for fraudulent and deceptive business practices. Shortly after the shutdown, TGM's creditors forced the company into bankruptcy. More than 25 years later, Blodgett and Lingenfelter, proceeding pro se, filed a lawsuit at the U.S. Court of Federal Claims. Their 832-page complaint alleged that the 1990s proceedings were part of an "egregious conspiracy" perpetrated by multiple federal courts, multiple federal agencies, and by their own attorneys. The Claims Court dismissed Blodgett's and Lingenfelter's complaint for lack of subject matter jurisdiction, untimeliness, and failure to state a claim upon which relief can be granted. **[SA 1, 5]** Because we agree with the Claims Court on each ground for dismissal, we *affirm*.

## BACKGROUND

In August 1991, the Federal Trade Commission ("FTC") brought fraud charges in federal district court against a rare coin dealer, T.G. Morgan, Inc. ("TGM"), and its president, Michael Blodgett. To settle the FTC action, TGM and its principals agreed in a signed consent order to transfer TGM's assets to a "settlement estate" that would reimburse the victims of TGM's fraud. TGM's assets were transferred to the settlement estate "irrevocably and without the possibility of reversion to themselves or to any entity owned or controlled by them." *Fed. Trade Comm. v. T.G. Morgan, Inc.*, No. Civ. 4-91-638, 1992 WL 88162, at *4 (D. Minn. Mar. 4, 1992). The district court explained that TGM and its principals had thus "waive[d] any and all claims that they, or entities owned or controlled by them, may have to the [transferred] assets." *Id.* at *5.

Shortly thereafter, TGM's creditors forced the company into involuntary bankruptcy. The bankruptcy court appointed a trustee to manage the bankruptcy estate. The trustee filed a motion to seize assets in the settlement estate and transfer those assets to the bankruptcy estate. Mrs. Diane S. Blodgett, a principle of TGM, and Mr. Thomas Lingenfelter, a business associate and third party beneficiary of TGM, objected to the transfer. The bankruptcy court rejected their arguments, finding that neither party had a legally cognizable claim against the settlement estate. The bankruptcy court granted the trustee's motion.

Over the next 25 years, Mrs. Blodgett and Mr. Lingenfelter (collectively, "Blodgett") filed more than a dozen lawsuits that claimed an interest in the assets seized by the trustee and challenged the scope and content of the bankruptcy estate. In each case, the court rejected Blodgett's claims as meritless.

On December 18, 2017, Blodgett filed an 832-page pro se complaint in the U.S. Court of Federal Claims ("Claims Court"). Blodgett's complaint, which gave rise to this appeal, alleges a 26-year government conspiracy that involves breach of contract, various torts, a Fifth Amendment taking, and violations of the Bankruptcy Code, the Internal Review Code ("IRC"), and the Employment Retirement Income Security Act of 1974 (ERISA).

On March 13, 2018, the Government moved to dismiss Blodgett's complaint. Blodgett opposed. On July 26, 2018, the Claims Court granted the Government's motion for three reasons. First, the Claims Court found a lack of subject matter jurisdiction over Blodgett's Bankruptcy Code, IRC, and ERISA claims. Second, the Claims Court held that all of Blodgett's claims are barred by the Tucker Act's six-year statute of limitations. Third, the Claims Court held that Blodgett failed to state a takings claim because Blodgett irrevocably transferred the assets-in-question to the settlement estate and relinquished all rights and

property interests in those assets.  The Claims Court instructed the clerk to refuse any further filings or complaints from Blodgett without leave of court.

Blodgett timely appealed pro se.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo whether the Claims Court has properly dismissed for lack of jurisdiction or for failure to state a claim, both of which are questions of law.  *Turping v. United States*, 913 F.3d 1060, 1064 (Fed. Cir. 2019).  To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must contain sufficient factual allegations that, if true, would state a claim to relief that is plausible on its face.  *Call Henry, Inc. v. United States*, 855 F.3d 1348, 1354 (Fed. Cir. 2017).

To survive a motion to dismiss for lack of subject matter jurisdiction, the plaintiff must prove by a preponderance of the evidence that the court possesses jurisdiction. *Id.*  When determining whether subject matter jurisdiction exists, we generally "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).  While pro se pleadings, like those here, are to be liberally construed, that does not alleviate a plaintiff's burden to establish jurisdiction.  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The jurisdiction of the Claims Court is limited in two ways:  by subject matter and by timing.  First, the Tucker Act limits the subject matter jurisdiction of the Claims Court to claims against the United States for money damages other than those sounding in tort, including those arising from a contract, the Constitution, or a federal statute or regulation.  28 U.S.C. § 1491(a)(1).  Because the Tucker Act itself does not create a substantive cause of

action, a plaintiff must identify a separate money-mandating source of substantive law that creates the right to money damages. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

Second, all claims brought before the Claims Court "shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. *See Holmes v. United States*, 657 F.3d 1303, 1317 (Fed. Cir. 2011) (explaining that "[c]ompliance with the statute of limitations is a jurisdictional requirement"). A cause of action "first accrues" when "all the events have occurred that fix the alleged liability of the government and entitle the claimant to institute an action." *Holmes*, 657 F.3d at 1317. For example, "[i]n the case of a breach of a contract, a cause of action accrues when the breach occurs." *Id.*

We begin with Blodgett's claims that are based on violations of the Bankruptcy Code, the IRC, and the ERISA. We conclude that the Claims Court properly dismissed each claim for lack of subject matter jurisdiction.

Blodgett appears to assert three bankruptcy-related claims, each arising under Title 11: (i) the court-appointed trustee failed to perform his fiduciary duties in violation of 11 U.S.C. § 704, (ii) the bankruptcy court performed an improper offset in violation of 11 U.S.C. § 362(a)(7); and (iii) TGM's creditors filed involuntary bankruptcy filing in bad faith in violation of 11 U.S.C. § 303. S.A. 126, 137, S.A. 249; S.A. 607. We conclude that the Claims Court properly dismissed each of Blodgett's bankruptcy claims for lack of subject matter jurisdiction because district courts—and not the Claims Court—have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334.

Blodgett's IRC-based claim appears to assert that the government conducted unauthorized tax collections by virtue of the 1990s FTC proceedings and consent order. S.A. 167, S.A. 595. We conclude that the Claims Court properly dismissed this claim for lack of subject matter jurisdiction

because claims for damages based on allegedly unauthorized tax collections must be brought "exclusively before a district court of the United States." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002).

Blodgett's ERISA-based claim appears to assert that the bankruptcy court violated ERISA's anti-alienation provisions by alienating "Blodgett's fully funded, fully vested, fully compliant ERISA pension" and subjecting it to a constructive trust. S.A. 24. *See also* S.A. 14, 51, 69 (claiming the FTC "loot[ed] the Blodgett's TGM fully funded ERISA pension fund"). We conclude that the Claims Court properly dismissed this claim for lack of subject matter jurisdiction because the Claims Court "shall not have jurisdiction [over] any claim for a pension." 28 U.S.C. § 1501.

We likewise conclude that the Claims Court lacked subject matter jurisdiction over Blodgett's torts claims. Blodgett asserts that the government committed "hundreds of torts" and "years of unending torts," including "bad faith torts," and "torts in court filings." S.A. 9, S.A. 14, S.A. 18, S.A. 40, S.A. 69. As a result, Blodgett contends, "the United States must now pay the bill." S.A. 107. We conclude that the Claims Court properly dismissed these claims because the Claims Court "lacks jurisdiction over tort actions against the United States." *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a) (excluding from the Claims Court's jurisdiction cases "sounding in tort")).

Blodgett's remaining claims—a breach of contract claim and Fifth Amendment taking claim—are barred by the Claims Court's six-year statute of limitations.

Blodgett's contract claim appears to assert that Blodgett entered into a "settlement contract with the FTC" when Mrs. Blodgett signed the FTC consent order and "fully funded 50% of the consent settlement on December 31, 1991." S.A. 8, S.A. 12. Blodgett alleges that the bankruptcy trustee's 1992 seizure of funds from the settlement

estate breached the contract "by interference with Ms. Blodgett's access to untainted personal assets."  S.A. 118, 801.  The contract claim thus "first accrued" in 1992, when Blodgett contends the breach occurred.  *Holmes*, 657 F.3d at 1317.  As a result, Blodgett's contract claim is barred because it was filed in 2017, more than six years after it first accrued.  28 U.S.C. § 2501.

Blodgett's Fifth Amendment taking claim appears to assert that the FTC's acquisition and liquidation of assets in 1991 and 1992 constituted a taking of personal property "without just compensation."  S.A. 39, S.A. 258–259, S.A. 392–393.  A takings claim under the Fifth Amendment "accrues when the taking action occurs."  *Navajo Nation v. United States*, 631 F.3d 1268, 1273–74 (Fed. Cir. 2011); *Nw. La. Fish & Game Pres. Comm'n v. United States*, 446 F.3d 1285, 1289 (Fed. Cir. 2006) ("A taking occurs when governmental action deprives the owner of all or most of its property interest.").  Construing Blodgett's complaint liberally, the takings claim first accrued in 1992, when the FTC placed TGM's assets in the settlement estate.  As a result, Blodgett's Fifth Amendment takings claim is barred because it was filed in 2017, more than six years after it first accrued.  28 U.S.C. § 2501.[1]

Blodgett attempts to circumvent the six-year statute of limitations by arguing that Blodgett "first sued under the Tucker Act in December 1994, thus arguably timely preserving their claims back to 1991."  S.A. 1990.  *See also*

---

[1]    We also agree with the Claims Court that Blodgett failed to state a Fifth Amendment takings claim upon which relief can be granted.   Because TGM irrevocably transferred the assets-in-question and "waive[d] any and all claims" to those assets, *T.G. Morgan*, 1992 WL 88162, at *4–*5, Blodgett cannot "identify a legally cognizable property interest." *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1384–85 (Fed. Cir. 2019).

Appellant Br. at 13–14 (asserting that the 1994 complaint "tolled any statute of limitations"). As we have explained, the Claims Court's six-year statute of limitations "is jurisdictional and may not be waived or tolled." *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1382 (Fed. Cir. 2012) (the six-year period "cannot be extended even in cases where such an extension might be justified on equitable grounds."). Nor can Blodgett argue that the instant complaint is timely under the "relate back doctrine" of Rule 15(c) of the Rules of the U.S. Court of Federal Claims, because Rule 15(c) expressly applies only to amended complaints, not newly filed complaints.

Because all of Blodgett's claims are outside the scope of the Tucker Act or time-barred, we conclude that the Claims Court properly dismissed Blodgett's complaint.

CONCLUSION

We have considered Blodgett's other arguments and find them unpersuasive. We conclude that the Claims Court properly dismissed Blodgett's complaint for lack of subject matter jurisdiction, untimeliness, and failure to state a claim upon which relief can be granted. We *affirm*.

**AFFIRMED**

COSTS

No costs.