# In the United States Court of Federal Claims

No. 19-533T

(Filed December 31, 2019)

NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                               *
LYNDA LEE WALL,                                *
                                               *
                    Plaintiff,                 *
                                               *
        v.                                     *
                                               *
THE UNITED STATES,                             *
                                               *
                    Defendant.                 *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On April 8, 2019, the complaint in this case was filed by *pro se* plaintiff Lynda Lee Wall. Plaintiff's complaint stems from the Internal Revenue Service's (IRS) collection efforts regarding her failure to file taxes in the years 2002, 2003, and 2004, and its subsequent determination of Ms. Wall's tax delinquency. Def.'s Mot. at 1–3. Plaintiff seems to be bringing two claims before the court--- that the IRS's collection efforts, which have resulted in a $132,687.62 dollar lien against her property, are improper; and that the revocation of her passport was improper. *See* Compl. 1–2. Because of the complaint's nature, it may also be possible to construe the complaint as asking for a tax refund, but in her response to the government's motion to dismiss plaintiff clarifies that she is not requesting a refund. Pl.'s Mot. to Dismiss Def.'s Mot. (Pl.'s Resp.), ECF No. 9, at 2. Plaintiff requests that relief be granted to her in the amount of $2,332,667.62. Compl. at 3. Plaintiff brought a nearly identical claim before our court one year prior, which was subsequently dismissed for lack of subject-matter jurisdiction. *See Wall v. United States*, 141 Fed. Cl. 585 (2019). The government has now moved that we do the same in this case and dismiss Ms. Wall's present complaint for lack of subject-matter jurisdiction. *See* Def.'s Mot. at 1.

The court has reviewed Ms. Wall's complaint, which primarily alleges that the liens against her property are improper, her passport should not have been revoked, and that she has a court order stating that defendant did not have

jurisdiction to impose liens or revoke her passport. *See* Compl. 1–2. Like many of the individuals who bring their own cases in our court without the assistance of lawyers, Ms. Wall appears to misunderstand the purpose of our court and the jurisdiction given to us by Congress. Plaintiff also seems to misunderstand a previous order dismissing her case for want of jurisdiction. We are empowered only to hear claims of violations by the federal government of laws and constitutional provisions that mandate the payment of money when violated. *See United States v. Mitchell*, 463 U.S. 206, 216–17 (1983); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating."). Plaintiff's complaint does not allege that the federal government violated a money-mandating law. In fact, in her response to defendant's motion to dismiss, plaintiff states: "The Tucker Act has nothing to do with the Plaintiff in this matter. No tax refund has been claimed by petitioner." Pl.'s Resp. at 2.[1]

Regarding plaintiff's claims relating to an improper levy and the revocation of her passport, the statutes referenced in the attachments to her complaint do not grant our court jurisdiction nor do any related statutes. *See* Compl., Ex. 3 at 3. The first statute referenced in the attachments allows a claim to be brought in U.S. district courts for the reckless or intentional disregard of the Internal Revenue Code and regulations. 26 U.S.C. § 7433(a). The second statute referenced in the attachments allows third parties, which Ms. Wall is not, to bring suits in U.S. district courts for improperly imposed levies. 26 U.S.C. § 7426(a)(1). As the government notes, the plaintiff may be seeking damages for failure to release a lien under 26 U.S.C. § 7432---which also grants jurisdiction to U.S. district courts to hear such claims. *See* Def.'s Mot. at 6 (citing 26 U.S.C. § 7432). The court also notes that under 26 U.S.C. § 6330(e), a proceeding to enjoin a levy may be brought in the Tax Court. Finally, concerning Ms. Wall's passport, a statute empowers a U.S. district court or the Tax Court to determine if the certification of revocation of a passport was erroneous. 26 U.S.C. 7345(e).

The U.S. Court of Federal Claims, however, has not been empowered by Congress to preside over Ms. Wall's claims relating to improper levies and passport revocation. Although our court, like U.S. district courts, is a federal trial court, it is not a district court nor is it the U.S. Tax Court. *Compare* 28 U.S.C. §§ 81–133 (identifying and creating district courts) *with* 28 U.S.C. § 171 (creating U.S. Court of Federal Claims) *and with* 26 U.S.C. § 7441 (creating the U.S. Tax Court); *Ledford*

---

[1] As the government notes in its motion, since Ms. Wall did not pay her taxes even if she was asking for a tax refund, we would not have jurisdiction because of the stringent prepayment requirement. *See* Def.'s Mot. at 5; *Simmons v. United States*, 127 Fed. Cl. 153, 159 (2016) (citing, *inter alia*, *Flora v. United States*, 357 U.S. 63, 75 (1958); *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002)).

*v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (dismissing claim for lack of jurisdiction because "[t]he United States Court of Federal Claims is not a district court of the United States"). The jurisdictional statutes make it clear that our court and the district courts are different entities. *See, e.g.*, 28 U.S.C. § 1346(a). Nor is the U.S. Court of Federal Claims the same as the U.S. Tax Court. *See Clark v. United States*, 114 Fed. Cl. 634, 636–37 (2014) (explaining the difference between the Tax Court, U.S. district courts, the U.S. Court of Federal Claims, and the U.S. Court of International Trade). Nothing in plaintiff's response to the government's motion addresses this deficiency. *See* Pl's Resp. at 1–2.

As explained above, our court lacks subject-matter jurisdiction over Ms. Wall's complaint. Accordingly, the government's motion to dismiss this case **GRANTED** pursuant to RCFC 12(b)(1). The Clerk is directed to close the case.[2]

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Senior Judge

---

[2] Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.